# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ARIEL STANLEY by her mother and court-appointed co-guardian Melinda Stanley,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner for Operations, Social Security Administration,<br><br>Defendant. | Case No. 1:16-cv-01129-TWP-MJD |

## ENTRY ON APPLICATION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

This matter is before the Court on Plaintiff Ariel Stanley's ("Stanley") Application for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Filing No. 26.) Stanley applied for Supplemental Security Income ("SSI") based on severe mental impairments. After being denied SSI at the administrative level, Stanley petitioned this Court for judicial review. (Filing No. 1.) On January 12, 2018, the Court reversed the Deputy Commissioner's denial of Stanley's application for SSI, remanding this case back to the Social Security Administration for further proceedings. (Filing No. 25.) Stanley requests payment under the EAJA for 70.5 attorney billable hours at a rate of $190.00 per hour and 11.3 paralegal billable hours at a rate of $100.00 per hour, for a total of $14,525.00. (Filing No. 27 at 6-7.) For the following reasons, Stanley's Petition for Attorney Fees under the EAJA is **granted in part**.

## I. DISCUSSION

Under 28 U.S.C. § 2412(d)(1)(A), litigants who prevail in a judicial review of a United States Government agency action are entitled to an award of attorney fees so long as (1) the prevailing litigant files a timely petition for attorney fees under the EAJA; (2) the Deputy

Commissioner's position was not "substantially justified"; and (3) there exist no special circumstances which make an award unjust. In this case, Stanley asserts (and the Deputy Commissioner does not dispute) that she filed a timely petition for attorney fees under the EAJA, the Government's position was not substantially justified, and there exist no special circumstances which make an award of attorney fees unjust (Filing No. 27; Filing No. 28). The Deputy Commissioner opposes Stanley's request on the grounds that (1) the amount of hours requested is unreasonable; (2) the hourly rate requested by Stanley is too high; and (3) the Court should direct the Deputy Commissioner to pay an EAJA award directly to Stanley, rather than to Stanley's counsel. (Filing No. 27 at 3, 13.) The Court will address each of these issues in turn.

**A.    Reasonableness of Requested Hours**

Only reasonably billed hours may be included in an award of attorney fees under the EAJA. *Hensley v. Eckhart*, 461 U.S. 424, 434 (2011). In exercising its discretion in determining whether requested hours have been reasonably billed, a court should take into account a number of factors, including the size and complexity of the case, the staffing particulars, and the quality of outcome for the party. *Id.* at 434-37. As well, "[c]ounsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. The applicant for fees bears the burden of submitting evidence which adequately justifies the number of hours claimed. *Id.* at 433.

In this case, Stanley has requested 70.5 billable attorney hours and 11.3 billable paralegal hours. Based upon the Court's review of the EAJA petitions granted in this District, Stanley's request initially appears to be a high number of hours billed.[1] The record in this case was 570

---

[1]  A sample of cases from Westlaw using the search string "(social security) and (28 U.S.C. 2412) and (hours)," limited to cases from the Southern District of Indiana, returned a 33-case sample (44 cases returned, 11 excluded for petition denial, 1 excluded due to difficulty locating the transcript). 2013 WL 2422637, 2016 WL 233613, 2013 WL 6730736, 2017 WL 2502456, 2013 WL 5536207, 2013 WL 1840471, 2014 WL 30029, 2015 WL 5672611, 2014 WL

pages long. (Filing No. 13.) Counsel for Stanley previously alleged multiple substantive errors and a voluminous medical record, and the Court allowed an oversized brief. (Filing No. 15, Filing No. 16.) However, upon review, the Court believes the oversized briefing was excessive. The issues were not complex and as an experienced social security attorney, efficiencies in drafting briefs is expected.

A review of other EAJA petitions in the Northern and Southern Districts of Indiana, in comparison to this case, reveals that the average record was about 798 pages long.[2] Therefore, the record in this case is actually significantly lower than the average record in this District, yet Stanley requested to be allowed an oversized brief. In any event, the Court's review of other cases also revealed that cases with more voluminous records have reduced an attorney's billable hours if they were deemed excessive. *Parker v. Berryhill*, No. 2:15-CV-316-JEM, 2017 WL 1405357, at *3 (N.D. Ind. Apr. 20, 2017) (reducing hours expended by twenty hours). The standard range of attorney hours for Social Security litigation is about 40-60 hours in the Seventh Circuit. *Id.* Additionally, there have been other cases where there was a reduction in claim from 84.6 hours to 74.6 hours for a case involving a 900-page record, a more extensive record than the case at bar. *E.H. by Hayes*, 2018 WL 549954 at *2.

The Court agrees with the Deputy Commissioner that a reduction from 70.5 hours to 60 hours is appropriate due to the number of the pages of the record in comparison with other cases.

---

545897, 2013 WL 6858470, 2015 WL 1548955, 2011 WL 5402444, 2014 WL 51369, 2014 WL 30032, 2013 WL 6118697, 2013 WL 2149701, 2013 WL 1869025, 2013 WL 1840404, 2012 WL 1898867, 2012 WL 1633937, 2012 WL 1245792, 2010 WL 4687806, 2010 WL 3528552, 2005 WL 1528097, 2004 WL 1146467

[2] A sample of cases from Westlaw using the search string "(social security) and (28 § U.S.C. 2412) and (pages)," limited to cases from the Southern and Northern District of Indiana, returned a 9 case sample (8 cases returned, 1 excluded due to difficulty locating the transcript). Schupbach v. Bowen, 673 F. Supp. 941, 942 (N.D. Ind. 1987), 2008 WL 5235993, 2014 WL 1643455, 2017 WL 3668626, 2016 WL 6617641 2018 WL 549954, 2018 WL 1444329, 2018 WL 1633778.

Given that the record size was significantly lower than the average record in this Circuit and Stanley's counsel has been recognized as an experienced Social Security litigator by other courts, 70.5 hours spent on this case was not reasonable. *Id.* ("As noted by the Commissioner, Plaintiff's counsel has extensive experience litigating Social Security cases, which should result in efficiencies in drafting briefs, even in complex cases.") Additionally, the Court agrees with the Deputy Commissioner that the eight hours spent on the unsuccessful constitutional claim was unnecessary.[3] Other than the constitutional claim, the remaining issues were run-of-the-mill issues challenging the Administrative Law Judge's step two finding, step three finding, residual functional capacity, subjective evaluation, and the consideration of the Appeals Council. Accordingly, the Court reduces the number of hours spent on this case in reviewing the record and preparing the opening brief by ten hours, bringing the attorney time spent to the middle range of hours typically spent litigating Social Security cases in the Seventh Circuit. The Court finds it reasonable to grant Stanley's fee request as to 60 attorney hours, and 11.3 paralegal hours.

**B.      Reasonableness of Hourly Rate**

The EAJA prescribes a maximum hourly rate limit of $125.00 with a cost of living adjustment should the Court find an adjustment appropriate. 28 U.S.C. § 2412(d)(2)(A). As the Seventh Circuit has explained, a cost of living adjustment can be reasonably awarded based on changes in the Consumer Price Index ("CPI"), as its measurements are the product of "considerable experience and effect." *Sprinkle v. Colvin*, 777 F.3d 421, 427 (7th Cir. 2015). If the Deputy Commissioner disputes whether a cost of living is appropriate, the Deputy Commissioner may

---

[3] The Commissioner is correct that the Court specifically held that Social Security regulations were clear on the constitutional argument that Stanley raised. (Filing No. 25 at 9.) ("Social Security regulations are clear on this point: under 20 C.F.R. § 416.904, an ALJ is not bound by a disability decision made by another governmental agency.")

submit evidence to show that the CPI does not accurately measure what has happened in a particular legal market. *Id*. at 428.

Here, Stanley asserts that a cost of living adjustment is appropriate and requests that the Court adjust the statutory hourly rate up to $190.00. Stanley substantiates this request with an affidavit from long-time Indianapolis attorney, Andrew P. Sheff, who asserted that the requested rate is below the prevailing market rate. ([Filing No. 26-3](#).) The Deputy Commissioner does not dispute whether a cost of living adjustment is appropriate, but rather, she argues that the hourly rate requested is too high, and any cost of living adjustment awarded should be based on the Midwest Urban CPI.

While the difference between the rates suggested by the parties is relatively small, the rate requested by Stanley seems to be arbitrarily chosen between the Midwest urban market and the National market. The EAJA statute specifically prescribes a "cost of living adjustment". 28 U.S.C. § 2412(d)(2)(A). Changes in cost of living can be objectively measured; therefore, the Court prefers to issue cost of living adjustments based on objective measures such as the CPI, as the Deputy Commissioner requests. As well, while the *Sprinkle* court did not specify which of the several CPI measures was appropriate when determining an EAJA cost of living adjustment, the "particular legal market" language the court used suggests a preference for market data on which cost of living adjustments are based to be as local as possible. *Sprinkle*, 777 F.3d at 428. The Midwest Urban CPI narrows its CPI measurement to the Midwest Region, which includes Indiana.[4] The Court agrees with the Deputy Commissioner that the Midwest Urban CPI is the most appropriate basis for an EAJA cost of living adjustment, however, data was not available for 2018.

---

[4] Bureau of Labor Statistics, *Midwest Information Office*, BLS.GOV (last accessed June 19, 2018), https://www.bls.gov/regions/midwest/home.htm.

A CPI-based EAJA cost of living adjustment is calculated by determining the percent change in CPI between the date the EAJA was passed and the dates the attorney's work was performed, and then increasing the statutory award by that percent. ([Filing No. 26-2 at 3](#).) Here, the CPI-based cost of living adjustment should increase the statutory hourly rate to $186.32 for work performed in 2016, and $189.41 for work performed in 2017. For work performed in 2018 the Court will award Stanley $190.00 per hour, due to the unavailability of the 2018 CPI-U. The paralegal hourly rate is not disputed by the Deputy Commissioner, thus the Court will award $100.00 per hour for work performed by a paralegal.

**C.     Assignment of EAJA Fee**

While the U.S. Supreme Court has held that EAJA fees are payable in the first instance to litigants and not their attorneys, the holding does not preclude prevailing parties from assigning their right to EAJA fees to their attorneys. *Astrue v. Ratliff*, 560 U.S. 586, 591 (2010). As well, the Seventh Circuit has explained that the only ground for the district courts insisting on making the award to the prevailing party rather than to the lawyer in which he has assigned his EAJA award, is that the prevailing party "has debts [to the U.S. Government] that may be prior to what [he] owes [his] lawyer." *Mathews-Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011).

Along with this Petition, Stanley has included a copy of a fee agreement, which assigns any award of EAJA fees to which she may be entitled to The de la Torre Law Office LLC. ([Filing No. 26-4](#).) Stanley asks that the Court award the EAJA fees directly to her attorney of record, offset by outstanding debt she may owe to the U.S. Government, if any. ([Filing No. 27 at 13](#).) This request comports with the law as described in both *Ratliff* and *Mathews-Sheets*; therefore, the Court will award the EAJA fees directly to Stanley's counsel pursuant to the contractual agreement.

## II. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** Stanley's Petition for Attorney Fees under the Equal Access to Justice Act ([Filing No. 26](#)) and awards Stanley the amount of $12,320.94. The Court **ORDERS** the Deputy Commissioner to make this payment to The de la Torre Law Office LLC **within seventy (70) days from the date of this Order**, as requested by Stanley. If within seventy days of the date of this Order the Deputy Commissioner finds evidence that Stanley owes an outstanding debt to the U.S. Government, the Deputy Commissioner may reduce the award by the amount of debt owed.

**SO ORDERED.**

Date: 7/3/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov

Adriana Maria de la Torre
THE DE LA TORRE LAW OFFICE LLC
adriana@dltlawoffice.com